## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN DRIVELINE CENTERS, INC. | : | |
| 201 Gibraltar Road, Suite 150 | : | |
| Horsham, PA 19044 | : | CIVIL ACTION |
| and | : | |
| AAMCO TRANSMISSIONS, INC. | : | |
| 201 Gibraltar Road, Suite 150 | : | JURY TRIAL NOT DEMANDED |
| Horsham, PA 19044 | : | |
| Plaintiffs, | : | |
| v. | : | No. |
| GERALD H. HANSEN | : | |
| 1410 Grandview Boulevard | : | |
| Kissimmee, FL 34744 | : | |
| Defendant. | : | |

## COMPLAINT FOR BREACH OF CONTRACT
## AND DECLARATORY JUDGMENT

1.  Plaintiff, AAMCO Transmissions, Inc. ("ATI" or "Plaintiff"), is a national franchisor of transmission and general automotive repair shops. ATI is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2.  Plaintiff, American Driveline Centers, Inc. ("ADC" or "Plaintiff"), an affiliated company of ATI, acts as the real estate arm of ATI. ADC, like ATI, is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

3.  Defendant, Gerald H. Hansen ("Hansen" or "Defendant"), is/was a perspective franchisee of ATI. Hansen is an adult individual who is a citizen of the State of Florida residing at 1410 Grandview Boulevard, Kissimmee, FL 34744.

INTRODUCTION

4.      This complaint is filed by ATI under contract law, the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

5.      Plaintiffs seek money damages and a declaratory judgment with respect to the parties' rights and obligations under a certain agreement of sale between Plaintiff ADC, as seller, and Defendant Hansen, as buyer, which involves the sale of an ATI franchised AAMCO Repair Center located at 8844 Kingston Pike, Knoxville, TN  37923 (the "Center").  Under the Agreement of Sale, ADC agreed to sell the Center to Hansen who agreed to purchase the Center and execute a Franchise Agreement with ATI.  Defendant has breached his contractual obligations by refusing to close on the sale and become an AAMCO franchisee, and has instead, in bad faith, attempted to renegotiate the sales price and/or secure a complete refund of the purchase price.

JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C.A. §1332 based upon the diverse citizenship of the parties and the amount in controversy which exceeds $75,000 exclusive of interest and costs.

7.      Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendant has transacted business with ATI continuously in this District and the claims arise under a contract that was made in this District.

BACKGROUND

8.      On September 30, 2011, after a period of due diligence and arms length negotiation, ADC and Hansen entered into the aforementioned agreement of sale (the "Agreement of Sale") whereby Hansen agreed to purchase the fully staffed and operating Center, including its

equipment and lease rights, for the sum of $210,000.00 (the "Purchase Price"). A true and correct copy of the Agreement of Sale is attached hereto and made a part hereof at Exhibit "A".

9.      The original closing date for the sale was October 26, 2011. In accordance with the terms of the Agreement of Sale, the Center was taken off of the market and Hansen tendered the Purchase Price to ADC.

10.     As reflected in the Agreement of Sale, the parties agreed that Hansen would execute a Franchise Agreement with ATI for the Center before taking over its operation.

11.     Commencing on October 10, 2011, Hansen attended ATI's owner training class in Horsham, Pennsylvania where he was provided intensive training with respect to the AAMCO systems of business developed over ATI's more than fifty years of experience.

12.     By a written amendment to the Agreement of Sale, the parties agreed to extend the closing date to November 11, 2011(the "Amendment"). A true and correct copy of the Amendment is attached hereto and made a part hereof at Exhibit "B".

13.     In breach of the Agreement of Sale, however, Defendant Hansen failed and refused to close on the sale of the Center on or before November 11, 2011, which date came and went without any closing.

14.     Notwithstanding Hansen's failure to close on the sale by the contract designated date, Hansen continued to affirmatively lead Plaintiffs to believe that he intended to go forward with the sale.

15.     Accordingly, Plaintiffs continued to operate, fund and maintain the Center while waiting for Hansen to honor his contractual obligations – i.e., to close on the sale and commence operation of the Center as an AAMCO franchisee.

16.     Several months later, however, in a Memorandum dated February 21, 2012, after Defendant had already breached the terms of the Agreement of Sale, Defendant informed Plaintiffs that he was not inclined to proceed with closing on the Center under the terms of the Agreement of Sale. A true and correct copy of the said Memorandum is attached hereto and made a part hereof at Exhibit "C".

17.     After referencing a "material adverse change" concerning the "earnings and financial condition of the Business," and without specifically referencing what purportedly had changed, Defendant Hansen revealed his true motivation, which was to attempt to renegotiate the sale on more favorable terms.  Hansen wrote; "In fact, I would still like to own an AAMCO and would conclude the purchase of the Business under these terms, but at a lower price....If AAMCO would like to discuss this, I would be happy to do so".  See Ex. "C".

18.     In a letter dated February 23, 2012, Plaintiffs rejected Defendant's attempt to renegotiate or rescind the Agreement of Sale and informed Defendant that the alleged "material adverse change" was the result of Defendant's own failure to timely take possession of the Center, properly manage its employees and advertise to the business' potential customer base. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "D".

19.     Plaintiffs informed Defendant in the February 23, 2012 letter that ADC remained willing and ready to close the sale on the terms agreed upon but would not return the entire Purchase Price as demanded by Defendant.  See Ex. "D".

20.     Defendant Hansen is relying on a post-breach temporary decline in sales at the Center, brought on by his own actions and inactions, to justify a rescission of the Agreement of Sale.

21.   Defendant Hansen's contention that a "material adverse change" occurred to the Center business justifying rescission of the Agreement of Sale is baseless and has not been asserted in good faith.

22.   Notwithstanding the foregoing, Defendant continues to refuse to close on the sale of the Center business and continues to demand that Plaintiffs pay the full Purchase Price back to him.

## COUNT I – BREACH OF CONTRACT

23.   Plaintiffs hereby incorporate by reference, as if fully set forth, paragraphs 1 through 22 above.

24.   ADC and Defendant entered into an agreement whereby Defendant agreed to buy the Center in consideration for the Purchase Price, which agreement is memorialized by the Agreement of Sale.

25.   Further, as referenced in the Agreement of Sale, the parties agreed that, as part of the transaction, Defendant would execute a Franchise Agreement with ATI concerning the Center business.

26.   Defendant has materially breached the terms and conditions of the Agreement of Sale by unilaterally, and without any good faith basis, attempting to rescind the Agreement of Sale.

27.   Further, Defendant has willfully and without justification failed and refused to comply with his contractual obligations owed to Plaintiffs to close on the sale of the Center business and enter into a Franchise Agreement with ATI.

28.   As a direct and proximate result of Defendant's breaches, Plaintiffs have been substantially damaged.

## COUNT II - BREACH OF AGREEMENT OF SALE
## SPECIFIC PERFORMANCE

29.     Plaintiffs hereby incorporate by reference, as if fully set forth, the allegations contained in paragraphs 1 through 28 above.

30.     The Agreement of Sale sets forth the essential terms of the agreement between the parties.

31.     Plaintiffs at all times relevant remained ready, willing and able to perform their obligations under the Agreement of Sale.

32.     Plaintiffs have no adequate remedy at law for damages, and unless specific performance of the Agreement of Sale is ordered by the Court, ATI will continue to suffer irreparable harm.

33.     ADC is entitled to specific performance of the Agreement of Sale which contractually requires Defendant to close on the sale of the Center business.

## COUNT III - DECLARATORY JUDGMENT

34.     Plaintiffs hereby incorporate by reference, as if fully set forth, the allegations contained in paragraphs 1 through 33 above.

35.     Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, this Court has jurisdiction to determine disputes between Plaintiffs and Defendant concerning the parties' rights and obligations arising from the Agreement of Sale.

36.     A dispute exists between Plaintiffs and Defendant as to whether Plaintiffs are in breach of the Agreement of Sale by virtue of their refusal to comply with Defendant's demand that the entire Purchase Price be paid back to Defendant.

37.     Pursuant to the Agreement of Sale, Defendant has a contractual obligation to use his "best efforts" to cause the closing on the sale of the Center business to occur, an obligation upon which Defendant has reneged.

38.     Pursuant to the Agreement of Sale, Defendant agreed to bear the risk of loss to the Purchased Assets after November 11, 2011, which risk Defendant now disavows.

39.     The "material adverse change" alleged by Defendant occurred after Defendant had breached the Agreement of Sale by virtue of his refusal to meet the designated date for closing.

40.     The "material adverse change" alleged by Defendant was the result of Defendant's own failure to timely take possession of the Center, properly manage its employees and advertise to the business' potential customer base.

41.     Plaintiffs have at all times remained willing and ready to close the sale on the terms agreed upon.

42.     Defendant Hansen's contention that a "material adverse change" occurred to the Center business justifying rescission of the Agreement of Sale has not been asserted in good faith.

43.     Defendant has wrongfully attempted to rescind the Agreement of Sale without any good faith basis for doing so.

44.     Plaintiffs have justifiably refused to comply with Defendant's demand that Plaintiffs pay the Purchase Price back to Defendant.

### RELIEF SOUGHT

WHEREFORE, Plaintiffs request the following relief:

A.     That judgment on Count I of this Complaint for breach of contract be awarded in Plaintiffs' favor and against Defendant, and that Plaintiffs be awarded damages in an amount to be determined.

B.      That judgment on Count II of this Complaint for breach of contract and specific performance be awarded in Plaintiffs' favor and against Defendant, and that an Order be issued enjoining Defendant to honor his contractual obligations to close on the sale of the Center business and enter into the Franchise Agreement with ATI.

C.      That a declaratory judgment on Count III of this Complaint be awarded in Plaintiffs' favor and against Defendant, and that an Order be issued declaring that:

1.      Defendant breached his contractual obligation to use his "best efforts" to cause the closing on the sale of the Center business to occur;

2.      Defendant agreed to bear the risk of loss to the Purchased Assets after November 11, 2011;

3.      The "material adverse change" alleged by Defendant occurred after Defendant had breached the Agreement of Sale by virtue of his refusal to meet the designated date for closing;

4.      The "material adverse change" alleged by Defendant was the result of Defendant's own failure to timely take possession of the Center, properly manage its employees and advertise to the business' potential customer base;

5.      Plaintiffs have at all times remained willing and ready to close the sale on the terms agreed upon;

6.      Defendant Hansen's contention that a "material adverse change" occurred to the Center business justifying rescission of the Agreement of Sale has not been asserted in good faith;

7.      Defendant has wrongfully attempted to rescind the Agreement of Sale without any good faith basis for doing so; and

8.     Plaintiffs have justifiably refused to comply with Defendant's demand that Plaintiffs pay the Purchase Price back to Defendant.

D.     That Plaintiffs be awarded their attorneys' fees, costs of court and such other and further relief to which they may be entitled.

9/13/12

William B. Jameson
Attorney ID. # 58949
Attorney for Plaintiffs
AAMCO Transmissions, Inc. and
American Driveline Centers, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900