# EXHIBIT D



**The Trusted Experts for over 50 Years**

February 23, 2012

<u>Via Email (ghansen777@gmail.com)</u>
<u>And U.S. Mail</u>

Gerald Hansen
1410 Grandview Boulevard
Kissimmee, FL 34744

Re:   <u>Agreement of Sale dated September 30, 2011</u>

Dear Mr. Hansen:

American Driveline Centers, Inc. ("ADC") is in receipt of your Memorandum to Marc Graham dated February 21, 2012 (the "Memo"). I am responding on behalf of ADC.

In the Memo you inform ADC that you no longer desire to move forward with the Agreement of Sale dated September 30, 2011 (a copy of which is attached for your convenience). You state that in your opinion there has been a material adverse change in circumstances. Specifically, you state that you believe that you are justified in rescinding the Agreement of Sale because you assert that the sales at the center have declined since August 2011.

Under the Agreement of Sale, you agreed to close the transaction and take possession of the "Purchased Assets" by October 26, 2011 and to sign an AAMCO Franchise Agreement. You agreed in Section 3.1 of the Agreement of Sale to use your "best efforts" to cause the Closing to occur. In addition, in Section 3.2 of the Agreement of Sale you agreed to bear the risk of loss associated with the Purchased Assets after that time. As of October 26, 2011, ADC had satisfied, or was in a position to satisfy, all of the Closing Conditions, and provide all of the Closing Date Deliveries, identified in Sections 4 and 6, respectively, of the Agreement of Sale. Nevertheless, at your request ADC agreed to delay the closing date for the transaction until November 11, 2011 and entered into a written amendment to the Agreement of Sale to that effect.

Since that time, and despite ADC's willingness to perform its obligations under the Agreement of Sale, you have refused to move forward to execute an AAMCO franchise agreement, to sign the lease and to take possession of the premises and the assets. Your failure to satisfy your obligations under the Agreement of Sale is a material breach of its terms. In the Memo you appear to suggest that there has occurred a material adverse change justifying your failure to move forward. However, to the extent that a change in sales volume has resulted at the center, this is primarily attributable to your failure to act in accordance with the terms of the Agreement of Sale. At the present time, there is no active local advertising occurring associated with the

center (which there would be if you had taken possession as you agreed and acted in accordance with the terms of the franchise agreement). In addition, in anticipation of your taking possession of the center, ADC for the past several months has been paying the former owner's employees to keep the center operational. These employees cannot be expected to achieve the same performance levels as they would have if they were actively being managed by you as the owner of the center (as they would be if you timely had taken possession of the center as was required by the Agreement of Sale). In other words, ADC believes that the situation you are relying upon to justify reneging on the Agreement of Sale primarily has arisen as a result of your own actions and inaction, not as a result of any deficiency of performance by ADC under the Agreement of Sale. There has been no material adverse change in the business, only a failure on your part to take possession of the business, properly manage its employees and advertise to the business's potential customer base.

Accordingly, it is ADC's position that your unjustified failure to move forward to fulfill your obligations under the Agreement of Sale constitutes a material breach of that agreement. Under these circumstances, ADC is not in a position to refund or reduce the purchase price.

ADC stands ready to tender the business to you and to present a franchise agreement and lease for your execution. However, if, as your Memo suggests, you no longer feel that you are in a financial position to operate the center, ADC and its affiliates are willing to attempt to assist you on marketing the center for sale to a third party. However, to reiterate, ADC strongly disagrees with the suggestion in your Memo that the Agreement of Sale is in any way voidable by you.

Sincerely,

James Goniea
Vice President & General Counsel

cc:   Marc Graham
      Mike Sumsky
      John Conway