**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| **AMERICAN DRIVELINE CENTERS, INC. and ATI TRANSMISSIONS, INC.** | ) ) ) ) | CIVIL ACTION NO.: 12-5280 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| **GERALD H. HANSEN,** | ) ) ) | |
| Defendant. | ) ) | |

_____

<u>**ANSWER TO COMPLAINT**</u>
<u>**FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT**</u>
<u>**WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**</u>

Defendant, Gerald H. Hansen ("Hansen"), by and through counsel, hereby answers

Plaintiffs' American Driveline Centers, Inc. ("ADC") and AAMCO Transmissions, Inc. ("ATI")[1]

Complaint for Breach of Contract and Declaratory Judgment ("Complaint"), submits his

affirmative defenses and asserts the following Counterclaims, all as follows:

1.      Denied.  Hansen is without knowledge or information sufficient to form a belief

as to the truth or falsity of the averments in paragraph 1 of Plaintiff's Complaint and therefore,

all such allegations are specifically denied and strict proof thereof is demanded at time of trial.

2.      Denied.  Hansen is without knowledge or information sufficient to form a belief

as to the truth or falsity of the averments in paragraph 2 of the Complaint and therefore all such

allegations are specifically denied and strict proof thereof is demanded at time of trial.

3.      Admitted in part and denied in part.  It is admitted solely that Hansen is an adult

individual and prospective ATI franchisee.  The remaining allegations in this paragraph are

specifically denied.

_____

[1] ADC and ATI shall be jointly referred to herein as "Plaintiffs"

**Introduction**

4.      Denied.  Paragraph 4 of the Complaint contains conclusions of law to which no responsive pleading is required and, therefore, the allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

5.      Denied.  Paragraph 5 of the Complaint contains conclusions of law to which no responsive pleading is required and, therefore, all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  By way of further answer, the Complaint speaks for itself.  Further, because none of the conditions to consummation of the transaction were satisfied, it was not possible for closing to occur.

**Jurisdiction and Venue**

6.      Denied.  This paragraph contains conclusions of law to which no further response is required and, therefore, all allegations in this paragraph are specifically denied and strict proof thereof is required.  It is specifically denied that the amount in controversy exceeds $75,000.

7.      Denied.  Hansen did not transact business with ATI in this District, and Hansen was in the State of Florida at all times during Hansen's negotiation and execution of the Agreement of Sale and it is denied that the contract was made in this District.

**Background**

8.      Denied.  The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial.

9.      Denied.  The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial.

Hansen is without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 9 of the Complaint that the Center was taken off the market and therefore denies it.

10.      Denied.   The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial.

11.      Admitted in part and denied in part.  Hansen admits that he attended a training class in Horsham, Pennsylvania commencing on October 10, 2011.  Hansen is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 11 of the Complaint and therefore denies them.

12.      Denied.  The Amendment speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Amendment are specifically denied and strict proof thereof is demanded at time of trial.  Because none of the conditions to consummation of the transaction were satisfied, it was not possible for closing to occur.

13.      Denied. Paragraph 13 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

14.      Denied.  It is specifically denied that Hansen failed to close on the sale; to the contrary, as none of the conditions precedent to closing were ever satisfied, it was not possible for closing to occur.  Hansen is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' beliefs and, therefore, such allegation is specifically denied.

3

15.     Denied.  Hansen is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint and therefore denies them.

16.     Denied.  The Memorandum speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Memorandum are specifically denied and strict proof thereof is demanded at time of trial.

17.     Denied.  The Memorandum speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Memorandum are specifically denied and strict proof thereof is demanded at time of trial.

18.     Denied. The February 18th letter speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the February 18th letter are specifically denied and strict proof thereof is demanded at time of trial.

19.     Denied. The February 18th letter speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the February 18th letter are specifically denied and strict proof thereof is demanded at time of trial. By way of further answer, Plaintiffs are without right or justification in retaining the monies paid by Hansen.

20.      Denied.  Paragraph 20 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  Hansen is without knowledge or information as to the meaning of the phrase "post-breach temporary decline in sales."  As none of the conditions precedent to closing was satisfied, no closing could occur.

21.     Denied.  Paragraph 21 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and

strict proof thereof is demanded at time of trial.

22.     Denied.  Paragraph 22 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

## Count I – Breach of Contract

23.     Hansen incorporates herein by reference Paragraphs 1 through 22 of this Answer as if they were set forth at length.

24.     Denied.  The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial.

25.     Denied.  The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial.

26.     Denied.  Paragraph 26 contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

27.     Denied.  Paragraph 27 contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

28.     Denied.  Paragraph 28 contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  By way of further answer, it is specifically denied that Plaintiffs have suffered any damage.

5

WHEREFORE Defendant, Gerald H. Hansen, respectfully requests that judgment be entered in his favor and against Plaintiffs, American Driveline Centers, Inc. and ATI Transmissions, Inc., on this Count I of the Complaint, and that he be awarded his reasonable attorneys' fees and costs arising from or associated with this action, as well as all other such relief as the Court deems just and proper.

### Count II-Breach of Agreement of Sale Specific Performance

29.     Hansen incorporates herein by reference Paragraphs 1 through 28 of this Answer as if they were set forth at length.

30.      Denied.  The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial. Paragraph 30 of the Complaint contains conclusions of law to which no responsive pleading is required.

31.     Denied.  Hansen is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 31 of the Complaint and therefore, all such allegations are specifically denied and strict proof thereof is demanded at time of trial. To the contrary, at all relevant times Plaintiffs failed, refused and continued to fail and refuse to take necessary and appropriate action to enable closing on the transaction to occur.

32.     Denied.  Paragraph 32 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof demanded at time of trial.  By way of further answer, it is specifically denied that Plaintiffs suffered any compensable damage.

33.     Denied.  Paragraph 33 of the Complaint contains conclusions of law to which no

6

responsive pleading is required and, therefore, all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  By way of further answer, it is specifically denied that the Agreement of Sale provides for specific performance by Hansen or requires Hansen to close.

WHEREFORE Defendant, Gerald H. Hansen, respectfully requests that judgment be entered in his favor and against Plaintiffs, American Driveline Centers, Inc. and ATI Transmissions, Inc., on this Count II of the Complaint, and that he be awarded his reasonable attorneys' fees and costs arising from or associated with this action, as well as all other such relief as the Court deems just and proper.

## COUNT III – Declaratory Judgment

34.     Hansen incorporates herein by reference Paragraphs 1 through 33 of this Answer as if they were set forth at length.

35.     Denied.  Paragraph 35 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

36.     Denied.  Paragraph 36 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.

37.     Denied.  The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial. Paragraph 37 of the Complaint contains conclusions of law to which no responsive pleading is required. By way of further answer, as none of the conditions precedent to closing was satisfied,

it was impossible for closing to occur.

38.     Denied.  The Agreement of Sale speaks for itself, no further response is required and all allegations in this paragraph and implications regarding the meaning and import of the Agreement of Sale are specifically denied and strict proof thereof is demanded at time of trial. Paragraph 38 of the Complaint contains conclusions of law to which no responsive pleading is required.

39.     Denied. Paragraph 39 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  It is specifically denied that Hansen breached the Agreement of Sale.

40.      Denied. Paragraph 40 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  It is specifically denied that Hansen breached the Agreement of Sale.

41.     Denied.  Hansen is without knowledge or information sufficient to form a belief as to the truth of the averment in Paragraph 41 of the Complaint and therefore, all such allegations are specifically denied and strict proof thereof is demanded at time of trial. To the contrary, at all relevant times Plaintiffs failed, refused and continued to fail and refuse to take necessary and appropriate action to enable closing on the transaction to occur.

42.     Denied. Paragraph 42 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  It is specifically denied that Hansen failed to act in good faith at any time during the course of the parties' relationship.

43.     Denied. Paragraph 43 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  It is specifically denied that Hansen failed to act in good faith at any time during the course of the parties' relationship.

44.     Denied. Paragraph 44 of the Complaint contains conclusions of law to which no responsive pleading is required and all allegations in this paragraph are specifically denied and strict proof thereof is demanded at time of trial.  It is specifically denied that Plaintiffs are justified in failing to refund the purchase price to Hansen.  To the contrary, there is no legal, factual or equitable basis upon which Plaintiffs may properly retain the Purchase Price or any portion thereof.

WHEREFORE Defendant, Gerald H. Hansen, respectfully requests that judgment be entered in his favor and against Plaintiffs, American Driveline Centers, Inc. and ATI Transmissions, Inc., on this Count III of the Complaint, and that he be awarded his reasonable attorneys' fees and costs arising from or associated with this action, as well as all other such relief as the Court deems just and proper.

## Relief Sought by Plaintiffs

WHEREFORE Defendant, Gerald H. Hansen, respectfully requests that the relief sought by Plaintiffs be denied and judgment be entered in his favor and against Plaintiffs, American Driveline Centers, Inc. and ATI Transmissions, Inc., together with his attorneys' fees and costs arising from or associated with this action, as well as all other such relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

45.     Hansen incorporates herein by reference Paragraphs 1 through 44 of this Answer

9

as if they were set forth at length.

46.    The Complaint fails to state a claim upon which relief can be granted.

47.    Plaintiffs' claims are barred by the applicable statute of limitations.

48.    Plaintiffs' claims are barred by the doctrine of laches.

49.    Plaintiffs' claims are barred because of their unclean hands in bringing this action.

50.    The amount in controversy does not meet the threshold for this Court to assert diversity jurisdiction over this matter.

51.    No enforceable agreement ever existed between Plaintiffs and Hansen.

52.    If the Court finds that Plaintiffs had an enforceable agreement with Hansen, then Plaintiffs violated their obligations of good faith and fair dealing by the willful employment of unfair and deceptive acts and practices in the conduct of such obligations.

53.    None of the conditions precedent to consummation of the closing ever occurred and Plaintiffs failed, refused and continued to fail and refuse to take necessary and appropriate action to enable closing on the transaction to occur.  Further, there is no legal, factual or equitable basis upon which Plaintiffs may properly retain the Purchase Price or any portion thereof.  The explicit terms of the Agreement of Sale obligate Plaintiffs to promptly return the entire Purchase Price to Hansen.

54.    Assuming, *arguendo*, the Agreement provided for a nonrefundable deposit or a termination fee as liquidated damages for a termination under any circumstances, which Hansen expressly asserts that it does not; forfeiture of the entire Purchase Price (or a termination fee equal to the entire Purchase Price) constitutes an unenforceable penalty.

55.    At all times, Hansen acted in good faith and discharged any and all obligations owed to Plaintiffs, if any such obligations existed, in good faith.

56.     Plaintiffs have acted improperly and in bad faith by refusing to return the Purchase Price notwithstanding that there is no legal, factual or equitable basis upon which Plaintiffs may properly retain the Purchase Price or any portion thereof.

57.     Plaintiffs never notified Hansen that Hansen was in breach of the Agreement of Sale, and never claimed or alleged that Hansen was in breach of the Agreement of Sale at any time, until after Hansen terminated the Agreement of Sale and demanded return of the entire Purchase Price as required by the Agreement of Sale because of the complete failure of the conditions of closing to have been satisfied.

58.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel and waiver.

59.     Plaintiffs, through their conduct and the conduct of their agents and representatives, are estopped from asserting that Hansen owes them anything.

60.     Nothing in the Agreement of Sale gives any party the right to specific performance.  Furthermore, the Agreement of Sale expressly conditions the closing on the satisfaction of certain enumerated conditions and none of those conditions had been satisfied when Hansen terminated the Agreement of Sale.  Plaintiffs are in breach of the Agreement of Sale by failing to promptly return the entire Purchase Price to Hansen.

61.     Plaintiffs failed to timely provide Hansen with a current Franchise Disclosure Document, rendering the entire transaction void.  Specifically, not until after October 10, 2012, when Hansen began ATI's franchise owner training in Horsham, Pennsylvania, was the current Franchise Disclosure Document provided to Hansen.

62.     Moreover, the Franchise Disclosure Document contained material misstatements of fact and failed to provide required, material information in that, *inter alia*, it failed to disclose

11

that ATI's President had previously filed for bankruptcy.  This information was material to Hansen's decision to purchase a franchise from ATI and incur expenses associated therewith.

63.     Plaintiffs, through their conduct and the conduct of their agents and representatives, approved, authorized, consented to and/or ratified Hansen's conduct.

64.     Plaintiffs have suffered no compensable damages and/or losses.

65.     Hansen's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiffs, the existence of which is denied.

66.     If Plaintiffs suffered any damages or losses, such damages and losses being specifically denied, such damages or losses are purely speculative.

67.     If Plaintiffs suffered any damages or losses, such damages and losses being specifically denied, such damages or losses were caused in whole by ADC's and ATI's own acts, omissions, or conduct, or by the conduct of those other than Hansen.

68.     If Plaintiffs suffered any damages or losses, such damages and losses being specifically denied, Plaintiffs failed, in whole or in part, to mitigate their damages.

69.     Plaintiffs assumed the risk of their damages or losses, such damages and losses being specifically denied.

70.     To the extent that Plaintiffs suffered damages, such damages being specifically denied, Hansen is entitled to credits and set-offs against any such amounts due.

71.     Plaintiffs' still own and operate the Center and have been retaining all earnings from the Center and, accordingly, Plaintiffs' have been unjustly enriched by retaining the Purchase Price.

72.     The Agreement of Sale is unenforceable against Hansen because of a lack of consideration and/or a failure of consideration.

WHEREFORE Defendant, Gerald H. Hansen, respectfully requests that judgment be entered in his favor and against Plaintiffs, American Driveline Centers, Inc. and ATI Transmissions, Inc., and that he be awarded his attorney's fees and costs arising from or associated with this action, as well as all other such relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaim Plaintiff, Gerald H. Hansen, submits his Counterclaims against Counterclaim Defendants, American Driveline Centers, Inc., and ATI Transmissions, Inc., and avers and alleges as follows:

73.     Counterclaim Plaintiff Gerald H. Hansen ("Hansen") is an individual resident of the State of Colorado, residing at 3315 Pony Tracks Drive, Colorado Springs, CO 80922.  At all times relevant hereto, Hansen resided at 1410 Grandview Boulevard, Kissimmee, Florida  34744.

74.     Counterclaim defendant, American Driveline Centers, Inc. ("ADC"), is a Pennsylvania corporation with its principal place of business at 201 Gibraltar Road, Horsham, Pennsylvania  19044.

75.     Counterclaim defendant, ATI Transmissions, Inc. ("ATI" and together with ADC, "Counterclaim Defendants"), is a Pennsylvania corporation with its principal place of business at 201 Gibraltar Road, Horsham, Pennsylvania  19044.

76.     Following extensive negotiations, in or about September 2011, Hansen executed a contract ("Agreement") pursuant to which Hansen agreed to purchase the ATI franchise center located at 8844 Kingston Pike, Knoxville, Tennessee  37923 (the "Center") subject, among other things, to the satisfaction of multiple conditions precedent.

77.     As required by the terms of the Agreement, Hansen, in good faith and in advance of the formal closing, deposited the entire $210,000 purchase price (the "Purchase Price") with

Counterclaim Defendants.

78.     Pursuant to Paragraph 9.1 of the Agreement, if closing on the transaction did not occur, Counterclaim Defendants were required to promptly reimburse to Hansen the entire Purchase Price, without set-off or reduction.

79.     Pursuant to Paragraph 7.1 of the Agreement, Counterclaim Defendants  are required to indemnify Hansen for any and all "damages, claims, losses, liabilities and expenses, including, without limitation, reasonable legal, accounting and other expenses" arising from any breach or violation of the Agreement by Counterclaim Defendants.

80.     As specifically negotiated by Hansen, the Agreement further provides, at Paragraph 4.1(e) as one of the conditions precedent to closing, that there be no material adverse change, to be determined in Hansen's sole discretion, in the Center's financial condition from the Center's baseline financial information on the particular measuring date (the "Financial Health Closing Condition").

81.     Critically, paragraph 4.1(e) of the Agreement provides that the determination concerning the material adverse change in the Center's financial condition lies solely with Hansen.

82.     Neither ADC nor ATI ever delivered a fully executed copy of the Agreement to Hansen until after Hansen gave Counterclaim Defendants notice of termination of the Agreement.

83.     On October 26, 2011, the original closing date set in the Agreement, Hansen advised Counterclaim Defendants that he was unwilling to purchase the Center as a result of a material adverse change in the financial condition of the Center.

84.     Specifically, the information provided by Counterclaim Defendants and then in

14

Hansen's possession showed a substantial reduction in the Center's weekly revenue.

85.     In response to Hansen's termination notice, Counterclaim Defendants suggested the parties extend the closing date to allow Hansen further time to evaluate the Center's financials, and, on October 26, 2011, in consideration of Counterclaim Defendants' promises to provide updated financial information, Hansen executed an amendment to the Agreement (the "First Amendment") extending the closing date to November 11, 2011.

86.      Despite the execution of the First Amendment and Hansen's repeated requests for current financial information, Counterclaim Defendants failed to provide any current financial information to Hansen prior to the November 11, 2011 extended closing date to allow Hansen to ascertain whether the Financial Health Closing Condition had been satisfied.

87.     In addition to the Financial Health Closing Condition, none of the other closing conditions in the Agreement had been satisfied as of November 11, 2011.

88.     The Agreement expired as a result of the failure to satisfy any of the enumerated closing conditions.

89.     No further amendments to the Agreement or extensions to the closing date were ever executed by the parties.

90.     Counterclaim Defendants never claimed or alleged that Hansen was in breach of the Agreement and never provided any notice to that effect to Hansen until after Hansen notified Counterclaim Defendants that Hansen had terminated the proposed purchase of the Center and demanded the prompt return of the Purchase Price.

91.     On February 9, 2012, almost three months after the November 11, 2011 extended closing date, and after the Agreement's expiration, Counterclaim Defendants provided written financial information to Hansen.

15

92.     The financial information provided by Defendants at that time indicated further, significant erosion in the sales at the Center, larger than the reduction seen in the earlier financials and directly contradicted verbal financial information provided by Counterclaim Defendants on February 2, 2012.

93.     On February 10, 2012, Hansen notified Counterclaim Defendants that Hansen would not consummate a closing as a result of the materially lower sales and failure to satisfy conditions to closing.

94.     On February 21, 2012, Hansen emailed a further, formal notice of termination of the Agreement to Counterclaim Defendants, which contained a demand for refund of the entire Purchase Price.

95.     Further, on March 5, 2012, Hansen sent Counterclaim Defendants a Notice of Claim for indemnification pursuant to Section 7.3 of the Agreement.

96.     Notwithstanding that none of the closing conditions has ever occurred, and despite Hansen's repeated demand therefor, Counterclaim Defendants have refused and continue to refuse to return all or any portion of the Purchase Price to Hansen and have refused and continue to refuse to pay Hansen for his claim for indemnification.

97.     This is a compulsory Counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure.

<u>**COUNT I**</u>
<u>**BREACH OF CONTRACT**</u>

98.     Hansen incorporates herein by reference Paragraphs 73 through 97 of this Answer as if they were set forth at length.

99.     In or about September 2011, Hansen executed the Agreement pursuant to which Hansen agreed to purchase the Center (located in Knoxville, Tennessee) subject, among other

things, to the satisfaction of multiple conditions precedent.

100.    Paragraph 9.1 of the Agreement provides that the Agreement may be terminated by Hansen if one or more of the conditions to Hansen's obligations have not been satisfied and that, upon such termination, Counterclaim Defendants "shall promptly pay BUYER [Hansen] an amount equal to the sums paid" by Hansen to Counterclaim Defendants.

101.    Paragraph 7.1 of the Agreement requires Counterclaim Defendants to indemnify Hansen for any and all "damages, claims, losses, liabilities and expenses, including, without limitation, reasonable legal, accounting and other expenses" arising from any breach or violation of the Agreement by Counterclaim Defendants.

102.    Hansen fully performed all of his obligations under the Agreement, including, paying Counterclaim Defendants the sum of $210,000 as a good faith deposit of the entire Purchase Price in advance of the closing.

103.    The Agreement terminated by failure of the conditions precedent to closing and, in addition, Hansen provided formal notice of termination of the Agreement, all in compliance with the Agreement's terms and conditions.

104.    Counterclaim Defendants breached the Agreement by failing to promptly pay to Hansen $210,000, which is an amount equal to sums paid by Hansen to Counterclaim Defendants.

105.    Counterclaim Defendants breached the Agreement by failing to indemnify him for damages, losses, liabilities and expenses arising from Counterclaim Defendants' breach of the Agreement and the material incorrectness of their representation that there was no material adverse change in the Business.

106.    Counterclaim Defendants have refused and continue to refuse, despite demand

therefor, to reimburse Hansen for the deposit monies he paid or to indemnify him for his losses suffered.

107.    As a direct and proximate result of Counterclaim Defendants' breaches, Hansen has been damaged in that he has lost $210,000 which he previously paid to Counterclaim Defendants and has been forced to expend additional sums to collect the sums improperly withheld and retained by Counterclaim Defendants.

WHEREFORE, Counterclaim Plaintiff Gerald H. Hansen respectfully requests that judgment be entered in his favor and against Counterclaim Defendants, jointly and severally, on this Count I of the Counterclaim and that he be awarded damages in the amount of $210,000.00 plus the amount of all additional losses suffered by Hansen as a result of Counterclaim Defendants' conduct and proven at trial, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT II
## UNJUST ENRICHMENT

108.    Hansen incorporates herein by reference Paragraphs 73 through 107of this Answer as if they were set forth at length.

109.    Hansen's payment of the good faith deposit of $210,000 in advance of the closing on Hansen's purchase of the Center conferred a substantial benefit on Counterclaim Defendants.

110.    Counterclaim Defendants are aware that Hansen paid the referenced sums and Counterclaim Defendants appreciated the nature of the benefit received from such payment.

111.    Counterclaim Defendants' refusal to return the $210,000 deposit unjustly enriches Counterclaim Defendants.

112.    Despite repeated notices and formal demand from Hansen, the Counterclaim

18

Defendants have wrongfully and without any factual, legal or equitable claim or right, refused to return the $210,000 paid by Hansen.

113.    It would be inequitable for Counterclaim Defendants to retain the benefit received from Hansen without paying for such benefit.

WHEREFORE, Counterclaim Plaintiff Gerald H. Hansen respectfully requests that judgment be entered in his favor and against Counterclaim Defendants, jointly and severally, on this Count II of the Counterclaim and that he be awarded damages in the amount of $210,000.00 plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT III
## CONVERSION

114.    Hansen incorporates herein by reference Paragraphs 73 through 113 of this Answer as if they were set forth at length.

115.    At Counterclaim Defendants' request and insistence, Hansen executed the Agreement and, in good faith, deposited the entire Purchase Price of $210,000.

116.    Because of the failure of the conditions precedent, no closing ever occurred and the Agreement expired and was later formally terminated by Hansen.

117.    Despite the fact that the Agreement does not permit Counterclaim Defendants to retain all or any portion of the monies deposited by Hansen, the Counterclaim Defendants have refused to return Hansen's deposit monies.

118.    Upon information and belief, Counterclaim Defendants do not intend to return the deposit monies to Hansen.

119.    Counterclaim Defendants acquired possession of Hansen's money under false pretenses by claiming, and agreeing, that they would return all sums paid by Hansen in the event

19

closing did not occur and the Agreement was terminated.

120.    Counterclaim Defendants are exercising unlawful control over Hansen's monies, they have and continue to interfere with Hansen's use and enjoyment of his monies and they have converted Hansen's monies to and/or for their own use and benefit.

121.    Counterclaim Defendants have no right, title or equitable claim to Hansen's money.

WHEREFORE, Counterclaim Plaintiff Gerald H. Hansen respectfully requests that judgment be entered in his favor and against Counterclaim Defendants, jointly and severally, on this Count III of the Counterclaim and that he be awarded damages in the amount of $210,000.00 plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Date:   November 15, 2012

s/ *Andrew S. Kasmen*
ANDREW S. KASMEN, ESQ. (PA Bar #58926)
STEPHEN G. BURNS, ESQ. (PA Bar #28183)
BURNS & KASMEN
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone:  215-517-5800
E-Mail:  akasmen@burnskasmen.com
**Attorneys for Defendant/Counterclaim Plaintiff Gerald H. Hansen**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2012, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF, which shall send notification of such filing to the following:

William B. Jameson, Esq.
Cottman Transmission Systems, LLC
201 Gibraltar Road, Suite 150
Hatboro, PA 19044
610.668.2900
***Attorney for Defendant***

s/ *Andrew S. Kasmen*
**ANDREW S. KASMEN**