IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN DRIVELINE CENTERS, INC. : | |
| and : | |
| AAMCO TRANSMISSIONS, INC. : | |
| Plaintiffs, : | |
| v. : | No. 2:12-cv-05280-MSG |
| GERALD H. HANSEN : | |
| Defendant. : | |

**ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

A.  Plaintiffs' Answer to Defendant's Affirmative Defenses

45.  Denied. Plaintiffs AAMCO Transmissions, Inc. ("ATI") and American Driveline Centers, Inc. ("ADC") incorporate their allegations set forth in the Complaint as though set forth herein at length. ATI and ADC are hereinafter collectively referred to as "Plaintiffs".

46.  Denied. Defendant sets forth a conclusion of law to which no response is required.

47.  Denied. Defendant sets forth a conclusion of law to which no response is required.

48.  Denied. Defendant sets forth a conclusion of law to which no response is required.

49.  Denied. Defendant sets forth a conclusion of law to which no response is required.

50.  Denied. Defendant sets forth a conclusion of law to which no response is required.

51.  Denied. Defendant sets forth a conclusion of law to which no response is required.

52. Denied. At no time did Plaintiffs act improperly in connection with their dealings with Defendant.

53. Denied. To the contrary, all closing conditions were satisfied and/or should have been satisfied but for the wrongful conduct of Defendant. With respect to Defendant's interpretation of the Agreement of Sale, Defendant sets forth conclusions of law to which no response is required.

54. Denied. Defendant's interpretation of the Agreement of Sale is a conclusion of law to which no response is required.

55. Denied. To the contrary, Defendant breached the Agreement of Sale and did not act in good faith with respect to his obligations under the Agreement of Sale.

56. Denied. Plaintiffs have, at all times, acted properly in connection with their obligations under the Agreement of Sale.

57. Denied. It is denied that there was a failure of conditions precedent. To the contrary, all closing conditions were satisfied and/or should have been satisfied but for the wrongful conduct of Defendant. It is further denied that the Agreement of Sale terminated, which is a legal conclusion. It is further denied that Defendant did or could terminate his agreement to purchase the Center in that he had no proper cause to do so.

58. Denied. Defendant sets forth a conclusion of law to which no response is required.

59. Denied. Defendant sets forth a conclusion of law to which no response is required.

60. Denied. Defendant's interpretation of the Agreement of Sale is a conclusion of law to which no response is required. The Agreement of Sale is a writing which speaks for itself. Plaintiffs have, at all times, acted properly in connection with their obligations under the

Agreement of Sale. Defendant breached the Agreement of Sale and did not act in good faith with respect to his obligations under the Agreement of Sale.

61. Denied. Defendant sets forth conclusions of law to which no response is required.

62. Denied. It is denied that the Franchise Disclosure Document ("FDD") provided to Defendant contained material misstatements of fact which is a conclusion of law to which no response is required. By way of further response, it is denied that any alleged deficiency with the FDD was the basis for Defendant's decision to breach the Agreement of Sale.

63. Denied. Defendant sets forth conclusions of law to which no response is required.

64. Denied. Defendant sets forth conclusions of law to which no response is required.

65. Denied. Defendant sets forth conclusions of law to which no response is required.

66. Denied. Defendant sets forth conclusions of law to which no response is required.

67. Denied. Defendant sets forth conclusions of law to which no response is required.

68. Denied. Defendant sets forth conclusions of law to which no response is required.

69. Denied. Defendant sets forth conclusions of law to which no response is required.

70. Denied. Defendant sets forth conclusions of law to which no response is required.

71. Denied. To the contrary, Plaintiffs, as a result of Defendant's wrongful conduct, are burdened with operating the Center and marketing it on Defendant's behalf.

72. Denied. Defendant sets forth conclusions of law to which no response is required.

WHEREAS, Plaintiffs ADC and ATI respectfully request that judgment be entered in their favor and against Defendant with respect to the counterclaim alleged by Defendant, and that Plaintiffs be awarded their costs and attorney fees incurred in the defense of this matter.

B.      Plaintiffs' Answer to Defendant's Counterclaim

73.     Denied. After reasonable investigation, Plaintiffs are without sufficient information to form a belief with respect to these allegations in Defendant's counterclaim and therefore deny same and demand strict proof thereof at time of trial.

74.     Admitted.

75.     Admitted in part and denied in part.  It is denied that Defendant has properly identified ATI in his pleading.  ATI's complete and formal name is "AAMCO Transmissions, Inc." The remaining allegations are admitted.

76.     Denied. The document referenced by Defendant is a writing which speaks for itself and Defendant's characterizations thereof are denied.

77.     Admitted in part and denied in part. It is admitted only that Defendant paid to ADC the sum of $210,000 ("Purchase Price") in connection with his agreement to purchase the AAMCO Transmission Center located at 8844 Kingston Pike, Knoxville, TN ("Center").  The remaining allegations are denied.

78.     Denied. The document referenced by Defendant is a writing which speaks for itself and Defendant's characterizations thereof are denied.

79.     Admitted in part and denied in part. It is admitted that Defendant has partially quoted some of the language in the Agreement of Sale.  Defendant's characterization of the Agreement of Sale, however, is denied. The Agreement of Sale is writing which speaks for itself.

80.     Denied. The document referenced by Defendant is writing which speaks for itself and Defendant's characterization thereof is denied.

81.     Denied. The document referenced by Defendant is writing which speaks for itself and Defendant's characterization thereof is denied.

82.     Denied.

83. Denied. To the contrary, Defendant executed the Amendment to the Agreement of Sale. *See* Exhibit "B" to Complaint.

84. Denied. The information provided to Defendant did not show a substantial reduction in the Center's weekly revenue over any relevant time period.

85. Denied. The document referenced by Defendant is writing which speaks for itself and Defendant's characterization thereof is denied.

86. Denied. The relevant financial information for the Center was always made available to Defendant including during the period referenced by Defendant.

87. Denied. To the contrary, all closing conditions were satisfied and/or should have been satisfied but for the wrongful conduct of Defendant.

88. Denied. It is denied that the Agreement of Sale expired.

89. Admitted in part and denied in part. It is admitted that there are no written instruments comprising the Agreement of Sale other than Exhibits "A" and "B" to Plaintiffs' Complaint. The remaining allegations in this paragraph are denied.

90. Denied. In that Plaintiffs at all times acted in accordance with their obligations under the Agreement of Sale, it is denied that Defendant had any prior basis to terminate his agreement to purchase the Center.

91. Admitted in part and denied in part. It is admitted that ATI provided copious financial information to Defendant concerning the Center. It is denied that February 9, 2012 was the only time that Plaintiffs provided Defendant such information. It is further denied that financial information concerning the Center was at any time withheld from Defendant. It is denied that the Agreement of Sale expired.

92. Denied. To the contrary, the fluctuation in sales was not inconsistent with any prior representations made by Plaintiffs.

93. Denied. Plaintiffs' records show that Plaintiffs did not receive written notice until receiving Defendant's Memorandum dated February 21, 2012. *See* Exhibit "C" to Complaint.

94. Denied. The document to which Defendant refers is a writing which speaks for itself. *See* Exhibit "C" to Complaint.

95. Denied. Defendant sets forth a conclusion of law to which no response is required.

96. Admitted in part and denied in part. It is admitted that Plaintiffs have refused to pay the Purchase Price back to Defendant. It is denied that such refusal is wrongful.

97. Denied. Defendant sets forth a conclusion of law to which no response is required.

## **Count I of Counterclaim**

98. Denied. Plaintiffs incorporate their allegations set forth above and in the Complaint as though set forth herein at length.

99. Denied. The document referenced by Defendant is a writing which speaks for itself and Defendant's characterization thereof is denied.

100. Admitted in part and denied in part. It is admitted that Defendant has partially quoted some of the language in the Agreement of Sale. Defendant's characterization of the Agreement of Sale, however, is denied. The Agreement of Sale is writing which speaks for itself.

101. Admitted in part and denied in part. It is admitted that Defendant has partially quoted some of the language in the Agreement of Sale. Defendant's characterization of the Agreement of Sale, however, is denied. The Agreement of Sale is writing which speaks for itself.

102. Denied. To the contrary, Defendant breached and acted in bad faith with respect to his obligations under the Agreement of Sale.

103. Denied. Defendant sets forth conclusions of law to which no response is required.

104. Admitted in part and denied in part. It is admitted that Plaintiffs have refused to pay the Purchase Price to Defendant. It is denied that such refusal is wrongful.

105. Denied.  Defendant sets forth conclusions of law to which no response is required.

106. Admitted in part and denied in part. It is admitted that Plaintiffs have refused to pay the Purchase Price to Defendant. It is denied that such refusal is wrongful. It is further denied that Defendant has incurred any losses or that Plaintiffs have any indemnification obligation to Defendant which allegations are conclusions of law.

107. Denied. To the contrary, Plaintiffs are incurring losses caused by Defendant's wrongful conduct.

## Count II of Counterclaim

108. Denied. Plaintiffs incorporate their allegations set forth above and in the Complaint as though set forth herein at length.

109. Denied. Defendant's payment of the Purchase Price was made in accordance with a contract and in exchange for valuable consideration.

110. Denied.  Plaintiffs, as a result of Defendant's wrongful conduct, are burdened with operating the Center and marketing it on Defendant's behalf.

111. Denied.  Defendant sets forth conclusions of law to which no response is required.

112. Denied.  Defendant sets forth conclusions of law to which no response is required.

113. Denied.  Defendant sets forth conclusions of law to which no response is required.

## Count III of Counterclaim

114. Denied. Plaintiffs incorporate their allegations set forth above and in the Complaint as though set forth herein at length.

115. Admitted in part and denied in part. It is admitted that the parties executed the Agreement of Sale and that Defendant paid the Purchase Price as required by the Agreement of Sale. The remaining allegations of this paragraph are denied.

116. Denied. It is denied that there was a failure of conditions precedent. To the contrary, all closing conditions were satisfied and/or should have been satisfied but for the wrongful conduct of Defendant. It is further denied that the Agreement of Sale terminated, which is a legal conclusion. It is further denied that Defendant did or could terminate his agreement to purchase the Center in that he had no proper cause to do so.

117. Denied. The document to which Defendant refers is a writing which speaks for itself and Defendant's characterization thereof is denied.

118. Denied. It is denied that either of the Plaintiffs is holding "deposit monies".

119. Denied. Defendant sets forth conclusions of law to which no response is required.

120. Denied. Defendant sets forth conclusions of law to which no response is required.

121. Denied. Defendant sets forth conclusions of law to which no response is required.

WHEREAS, Plaintiffs ADC and ATI respectfully request that judgment be entered in their favor and against Defendant with respect to the counterclaim alleged by Defendant, and that Plaintiffs be awarded their costs and attorney fees incurred in the defense of this matter.

Date: 12/6/12

/s/William B. Jameson
William B. Jameson
Attorney ID # 58949
Attorney for Plaintiffs
AAMCO Transmissions, Inc. and
American Driveline Centers, Inc.
201 Gibraltar Road
Horsham, Pennsylvania 19044
(610) 668-2900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN DRIVELINE CENTERS, INC. : | |
|    and : | |
| AAMCO TRANSMISSIONS, INC. : | |
|    Plaintiffs, : | |
| v. : | No. 2:12-cv-05280-MSG |
| GERALD H. HANSEN : | |
|    Defendant. : | |

**CERTIFICATE OF SERVICE**

    William B. Jameson, hereby certifies that he did serve on this __6th__ day of December, 2012, the attached Answer to Counterclaim, upon the below identified counsel via U.S. Mail, postage prepaid:

        Andrew S. Kasmen, Esq.
        Burns & Kasmen
        Two Bala Plaza, Suite 718
        Bala Cynwyd, PA  19004

| | |
|---|---|
|  12/6/12 |    /s/William B. Jameson |
| DATE | William B. Jameson, Esquire |
| | Attorney ID # 58949 |
| | Attorney for Plaintiffs |
| | AAMCO Transmissions, Inc. and |
| | American Driveline Centers, Inc. |
| | 201 Gibraltar Road |
| | Horsham, Pennsylvania 19044 |
| | (610) 668-29000 |

9