IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN DRIVELINE CENTERS, INC. : | |
|     and : | |
| AAMCO TRANSMISSIONS, INC. : | |
|     Plaintiffs, : | |
|     v. : | No. 2:12-cv-05280-MSG |
| GERALD H. HANSEN : | |
|     Defendant. : | |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties have conferred and submit the following report of their meeting for the Court's consideration:

    **1.**    **Discussion of Claims, Defenses and Relevant Issues**

This case arises from a dispute involving the sale of an AAMCO Repair Center located at 8844 Kingston Pike, Knoxville, TN 37923 (the "Center"). Under the Agreement of Sale (the "Agreement"), Plaintiff American Driveline Centers, Inc. ("ADC") agreed to sell the Center to Defendant Gerald H. Hansen ("Hansen") who agreed to purchase the Center and execute a Franchise Agreement with Plaintiff AAMCO Transmissions, Inc. ("ATI") upon satisfaction of specified conditions. Hansen provided ADC and ATI the entire purchase price of $210,000. Thereafter, Hansen gave notice to ADC and ATI asserting, amongst other things, a "material adverse change" in the Center's financial condition, and demanded a return of the funds provided. A dispute between the parties thereafter arose as to whether a "material adverse change" in circumstances occurred which would entitle Hansen to terminate the Agreement and recoup the entire $210,000 he provided to ATI and ADC.. As a result of the dispute,

Hansen has refused to close on the sale and take possession of the Center, and Plaintiffs have refused to pay back the $210,000 provided.

On September 14, 2012, ADC and ATI filed a complaint against Hansen in this matter alleging counts for breach of contract, specific performance of contract and a declaratory judgment seeking a declaration that, amongst other things, Hansen has breached the Agreement and that Plaintiffs have justifiably refused to pay the purchase price back to Hansen. ADC and ATI contend that Hansen breached the Agreement and that Hansen's actions were a wrongful attempt to renegotiate price in violation of the implied covenant of good faith and fair dealing between the parties.

On November 15, 2012, Hansen filed his answer to complaint with affirmative defenses and counterclaim. In his responsive pleading Hansen denies all liability to ADC and ATI and alleges counterclaims against ADC and ATI for breach of contract, unjust enrichment and conversion. Hansen contends that no enforceable agreement ever existed between the parties, and that even if one did exist, the conditions to closing were not satisfied and nothing in the Agreement gave ADC or ATI the right to retain any portion of the funds deposited. Alternatively, Hansen contends that if an agreement did exist, the agreement was not enforceable by ADC or ATI because of their alleged unfair and deceptive practices and that ADC and ATI have no legal or contractual basis for refusing to return the monies deposited by Hansen.

On December 6, 2012, ADC and ATI filed their answer to Hansen's counterclaim denying all liability.

The parties anticipate that discovery will principally focus on, among other things, the history of the transaction, the history of the Center, the decision of Hansen not

to proceed with closing on the sale and the plaintiffs' refusal to return the funds deposited by Hansen.  Discovery is also expected to take place on the level and extent of the damages claimed by the respective parties.

  **2.** **Informal Disclosures**

Hansen filed his Initial Disclosures with the Court.  Plaintiffs shall file their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before February 11, 2013. Further, Counsel for the parties have agreed to cooperate with each other in providing informal discovery.  Counsel for the parties are in the process of gathering pertinent documents, and having them reviewed and Bates stamped so that documents associated with the business relationship between them can be expeditiously exchanged in a cooperative and informal fashion.  It is anticipated information informally disclosed will include, among other things, the Agreement of Sale, related documents, relevant correspondence, and documentation of their business relationship.

  **3.** **Formal Discovery**

The parties are in process of crafting their written discovery requests.  The parties believe that written discovery (including document requests, interrogatories and requests for admission) and depositions of non-expert witnesses can be concluded by May 31, 2013.  Each party will be responsible for the expense of Bates stamping and copying the documents they are producing to the other party.

Subsequent to the production of documents, ADC and ATI anticipates that it will want to take the deposition of Hansen.  Hansen, as defendant and counterclaimant, anticipates that he will want to take the deposition of certain employees of ADC and ATI involved with the transaction and the Center, although as of this date Hansen has not

conclusively determined who he will depose John Conway, Gary Zimmerman and possibly other employees of Plaintiffs.

In the event any discovery dispute(s) between the parties should arise, the parties will meet and confer in good faith to attempt to alleviate the need for motion practice.

4. **Electronic Discovery**

At the present time, the parties believe that the nature and extent of electronic documents and data likely to be implicated in this action are not extensive. ADC and ATI's electronic documents are likely to be limited to e-mails, financial documentation, reports and data associated with the Center and Hansen. Hansen's electronic documents are likely to be limited to emails and financial and sales data located on his personal business computer(s). At the present time, the parties anticipate that it will be most efficient to exchange hard copies of the pertinent documents, reports and data presently stored by the parties in electronic form. The parties each agree to undertake reasonable efforts to identify, preserve and prevent the destruction of electronic data that may be relevant to issues in this case.

5. **Expert Witness Disclosures**

At the present time, the parties anticipate that expert witness testimony will be limited to the issue of damages. Subject to the Court's approval, the parties have agreed to simultaneously exchange expert witness information and reports by July 15, 2013 and to simultaneously exchange any rebuttal expert witness information and reports by August 15, 2013. Subject to the Court's approval, the parties have agreed that expert witness discovery, including any expert depositions, will be completed by September 15, 2013.

6. **Early Settlement or Resolution**

Prior to and since the Complaint in this matter was filed, the parties have engaged in settlement discussions in an attempt to resolve the issues in this action. To date, those settlement discussions have failed to result in a resolution of the parties' disputes. The parties agree that it is possible that formal mediation of the dispute may achieve a successful resolution of this matter.

7. **Trial Date**

The parties request that any dispositive motions be filed in this case by October 31, 2013. The parties request that trial in this action be set on a date convenient to the Court in November or December 2013. At the present time, the parties anticipate that the trial of this matter will require three (3) court days.

8. **Other Matters**

The parties are not aware of any notable other matters at this time.

Respectfully submitted,                              Respectfully submitted,


By: ___/s/William B. Jameson_____                    By: ___/s/Andrew Kasmen___
William B. Jameson, Esq.                             Andrew S. Kasmen, Esq.
Attorney ID #: Pa. 58949                             Attorney ID #: Pa. 58926
201 Gibraltar Road, Suite 150                        Stephen G. Burns, Esq.
Horsham, PA 19044                                    Attorney ID #: Pa. 28183
(610) 668-2900                                       Two Bala Plaza, Suite 718
                                                     Bala Cynwyd, Pennsylvania  19004
Attorney for Plaintiffs                              (215) 517-5800
American Driveline Centers, Inc. and
AAMCO Transmission, Inc.                             Attorneys for Defendant/Counterclaimant
                                                     Gerald H. Hansen